IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEISTON ADAMS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Civil Action No. 3:25-CV-3482-D |
| § | |
| HERODE AUGUSTIN, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle accident, plaintiffs Keiston Adams ("Adams") and Victoria Norwood ("Norwood") move to remand. For the reasons that follow, the court denies the motion.

I

Adams and Norwood filed the instant action in state court against defendants Herode Augustin ("Augustin"), USA Silk Way, Inc. ("Silk Way"), Zero Max Inc. ("ZMI"), Zero Max Leasing Corp. ("Zero Max"), and ILoca Services, Inc. ("Iloca"). Plaintiffs served all defendants except ZMI. Zero Max, Augustin, Silk Way, and Iloca jointly filed an answer in state court. On the day after the answer was filed, Zero Max filed a notice of removal, removing the case to this court based on diversity of citizenship.

Adams and Norwood move to remand, contending that the notice of removal is procedurally defective for lack of consent or joinder by defendants Augustin, Silk Way, and Iloca (collectively, the "Non-Removing Defendants"). Defendants oppose the motion, which

the court is deciding on the briefs, without oral argument.

II

Where, as here, a case is removed solely under 28 U.S.C. § 1441(a), all defendants who have been properly joined and served in the state-court action must either join in or consent to removal within 30 days.  *See* 28 U.S.C. § 1446(b)(2)(A) & (B); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).  This requirement is referred to as the "rule of unanimity."  *Powers v. United States*, 783 F. 3d 570, 576 (5th Cir. 2015).  To satisfy the unanimity requirement, it is not required that each defendant "sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.*, 841 F.2d at 1262 n.11.  The failure of all properly joined and served defendants to join in the removal petition is a procedural, not jurisdictional, defect, and the removing defendant "bear[s] the burden of establishing compliance with the rule of unanimity."  *Breitling v. LNV Corp.*, 86 F.Supp.3d 564, 570 (N.D. Tex. 2015) (Horan, J.), *rec. adopted*, 86 F.Supp.3d 564 (N.D. Tex. 2015) (Lynn, J.).

III

The notice of removal states: "[p]ursuant to 28 U.S.C. § 1446(b)(2), Defendant Zero Max Leasing Corp obtained consent for removal from Defendants Herode Augustin, USA Silk Way, Inc., and ILoca Services, Inc."  Notice of Removal (ECF No. 1) at ¶ 21.  It was signed by Edward A. Davis, Esq. ("Davis"), who is the attorney for Zero Max and for the

Non-Removing Defendants. Prior to removal, Zero Max and the Non-Removing Defendants together filed a single answer that indicated in the signature block that Davis represents Zero Max and the Non-Removing Defendants.

Plaintiffs maintain that the notice of removal does not comply with the rule of unanimity set out in *Getty Oil* because the Non-Removing Defendants did not join, sign off on, or file a separate notice of consent to removal, and because Zero Max did not unambiguously state that it had been authorized to represent to the court consent to removal on behalf of the Non-Removing Defendants.

Consent is established, for purposes of 28 U.S.C. § 1446(b)(2), "if the parties share counsel, the notice of removal contains a statement of consent, and the notice also contains an indication of the attorney's authority to bind the consenting party." *Garcia v. Lucky Bros., Inc.*, 2025 WL 2306845, at *4 (E.D. Tex. Aug. 8, 2025) (citing cases); *see also, e.g.*, *Mauldin v. Allstate Ins. Co.*, 757 Fed. Appx. 304, 309 n.18 (5th Cir. 2018) (per curiam) ("The notice of removal states that 'Defendant Hernandez consents to this removal' and is signed by her counsel. There is no requirement that [Hernandez] actually *sign* the petition for removal." (citing *Getty Oil Corp.*, 841 F.2d at 1262 n.11)); *Malone v. Spence*, 2022 WL 22887096, at *3 (N.D. Tex. May 24, 2022) (Ramirez, J.) (defendant met burden to show unanimity of consent where "the notice of removal expressly states that [the non-removing defendant] consented to removal of the action, and it was signed by an attorney identified as counsel for all three defendants.").

In this case, it is undisputed that Zero Max and the Non-Removing Defendants share

counsel. The notice of removal states that Zero Max obtained consent from the Non-Removing Defendants, and it is signed by Davis, counsel for the Non-Removing Defendants. Although the notice of removal did not itself state that Davis had the authority to bind the Non-Removing Defendants, the attached documents clearly show that he did. Prior to removal, Zero Max and the Non-Removing Defendants filed a joint answer signed by Davis, and Zero Max attached this document as an exhibit to the notice of removal. *See, e.g.*, *Garcia*, 2025 WL 2306845, at *4 ("[B]ecause Defendants filed Original Answers for each Defendant prior to removal and attached both of the Original Answers to the Notice of Removal, [plaintiff] knew, at the time of removal and does not contest, that the Defendants share counsel.").

Based on these facts, the court concludes that Zero Max has met its burden of establishing that all defendants who had been properly joined and served in the state-court action consented to removal within 30 days. Therefore, the case should not be remanded.

\* \* \*

Accordingly, for the reasons explained, the court denies plaintiffs' motion to remand.

**SO ORDERED**.

February 26, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE